UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRISTIAN ARRIAGA REYES,
FEDOR BONDARENKO,
SANTIAGO CABRERA-CAMPOVERDE,
NOE CORNEJO MELENDE,
CARLOS ENCARNACION, and
ALVARO NEGRETTE MEJIA,

                              Petitioners,

-v-

THOMAS DECKER, *in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*;
CHAD WOLF, *in his official capacity as Acting Secretary, U.S. Department of Homeland Security*;
WILLIAM P. BARR, *in his official capacity as Attorney General, U.S. Department of Justice*;
RONALD P. EDWARDS, *in his official capacity as Director, Hudson County Jail*; and STEVEN AHRENDT, *in his official capacity as Warden, Bergen County Jail*,

                              Respondents.

20 Civ. 2737 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Petitioners Cristian Arriaga Reyes, Fedor Bondarenko, Santiago Cabrera-Campoverde, Noe Cornejo Melende, Carlos Encarnacion, and Alvaro Negrette Mejia are currently being held by U.S. Immigration and Customs Enforcement ("ICE"). Petitioners Arriaga and Negrette are detained at the Hudson County Jail in Kearny, New Jersey. Dkt. 1 ¶¶ 51, 69. Petitioners Bondarenko, Cabrera-Campoverde, Cornejo Melende, and Encarnacion are detained at the Bergen County Jail in Hackensack, New Jersey. *Id.* ¶¶ 54, 58, 62, 65.

    On April 2, 2020, petitioners, through counsel, filed a petition for a writ of habeas corpus in this Court, seeking their immediate release from immigration custody pending the conclusion

1

of their respective removal proceedings in light of the COVID-19 pandemic. Each petitioner has pled health conditions which makes him particularly vulnerable to COVID-19 and could cause each to suffer especially serious health consequences were they to contract the virus. Petitioner Arriaga suffers from type 2 diabetes and hypertension and has been prescribed daily medication and insulin shots. *Id.* ¶ 52. Petitioner Bondarenko suffers from asthma, high blood pressure, chronic hepatitis B, acute prostatitis, and post-operative complications of hemorrhoid surgery. *Id.* ¶ 55. Petitioner Cabrera suffers from hypertension, for which he takes medication, and kidney stones, for which he requires surgery. *Id.* ¶ 59. Petitioner Cornejo Melende was recently diagnosed with Bell's Palsy and has been prescribed Prednisone, an oral steroid, which suppresses the immune system. *Id.* ¶ 64. Petitioner Encarnacion suffers from sickle cell disease. *Id.* ¶ 66. And petitioner Negrette suffered a heart attack approximately five years ago, and has type 2 diabetes, hypertension, and high cholesterol. *Id.* ¶ 70.

The public health emergency presented by COVID-19 needs no introduction. And the threat to petitioners' health is real, not theoretical. Both the Bergen County Jail and the Hudson County Jail have reported multiple confirmed cases of the virus, including amongst ICE detainees. *Id.* ¶¶ 39–40.

The facts presented by petitioners are similar to those upon which other Judges in this District have recently granted immediate, emergency relief. *See Avendaño Hernandez v. Decker et al.*, No. 20 Civ. 1589 (JPO), 2020 WL 1547459, at *1 (S.D.N.Y. Mar. 31, 2020); *Coronel, et al., v. Decker, et al.*, No. 20 Civ. 2472 (AJN), 2020 WL 1487274, at *1 (S.D.N.Y. Mar. 27, 2020); *Basank v. Decker*, No. 20 Civ. 2518 (AT), 2020 WL 1481503, at *1 (S.D.N.Y. Mar. 26, 2020). There is good reason to expect that such relief may be found merited here.

This Court has repeatedly held, however, that in "core" habeas petitions by immigration detainees—where, as here, a petitioner challenges his present physical confinement—"the warden of the detention facility with physical custody of the petitioner is the 'immediate custodian' with the ability to produce the petitioner pursuant to a writ of habeas corpus," meaning that jurisdiction lies only in the district of confinement. *Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523, at *2 (S.D.N.Y. Nov. 13, 2018) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441–42 (2004)); *see also Rojas v. Decker et al.*, No. 19 Civ. 10029 (PAE) (Nov. 26, 2019); *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623 (S.D.N.Y. Sept. 18, 2019); *Li v. Barr*, No. 19 Civ. 5085 (PAE), 2019 WL 2610537 (S.D.N.Y. June 14, 2019); *Blake v. McAleenan*, No. 19 Civ. 3371 (PAE); *Lateef v. Decker*, No. 19 Civ. 2294 (PAE).

This continues to be the position taken by a majority of the judges in the Southern District who have considered this question. *See, e.g.*, *Darboe v. Ahrendt*, No. 19 Civ. 11393 (ER), 2020 WL 1057502, at *1 (S.D.N.Y. Mar. 2, 2020); *Sanchez v. Decker*, No. 19 Civ. 8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Binet v. Decker*, No. 19 Civ. 7964 (VEC), 2019 WL 6111275 (S.D.N.Y. Nov. 7, 2019); *Thomas v. Decker*, No. 19 Civ. 8690 (JMF).[1] It is also the view of other courts that have addressed the question, including the Seventh Circuit. In *Kholyavskiy v. Achim*, that court held that the immediate custodian of a non-citizen detained in Wisconsin at the direction of the ICE Chicago field office director was the warden of the Wisconsin jail. 443 F.3d 946 (7th Cir. 2006). Finally, at least one other judge in this District has applied this reasoning and transferred a COVID-19 immigration habeas petition to the District of

---

[1] The Court has considered, but does not adopt, the reasoning expressed in two decisions reaching the opposite conclusion. *See Rodriguez Sanchez v. Decker*, No. 18 Civ. 8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019); *Cruz v. Decker*, No. 18 Civ. 9948 (GBD)(OTW), 2019 WL 4038555 (S.D.N.Y. Aug. 27, 2019) (Report and Recommendation).

New Jersey. *Bonilla v. Decker et al.*, No. 20 Civ. 2483 (VSB), at Dkt. 14 (S.D.N.Y. March 30, 2020).

Petitioners, at the time of the filing of this petition and for many months prior, have been confined exclusively in the District of New Jersey. For the reasons set forth in the Court's decision in *Almazo*, 2018 WL 5919523, at *1–2, the Court holds *sua sponte* that it lacks venue over petitioners' core habeas claims. The Court therefore transfers this case to the District of New Jersey forthwith. In light of the need for urgent judicial attention to petitioners' claims, the Court waives the seven-day period provided in Local Civil Rule 83.1 to effectuate a transfer to a different district. In light of the significant liberty interests and other equities at stake, and in recognition of the grave risks that continued confinement may pose to petitioners' health, the Court directs the Clerk of Court to effectuate this transfer urgently.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: April 2, 2020
New York, New York